**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>JERROD CURTIS, et al.,<br>Defendants. | CASE NO. 3:25-cr-00157<br>(SAPORITO, J.) |

**<u>MEMORANDUM</u>**

Defendant Curtis has orally moved for an in limine ruling on an evidentiary issue related to a proffer interview of alleged coconspirator, Francis Vasquez-Familia, conducted by joint task force investigators on June 13, 2025. A redacted copy of the investigators' notes of that interview have been provided to the court and to the defendants, and it will be filed under seal in the record of this case. It is undisputed that Vasquez-Familia is unavailable to testify as a witness in this case. Curtis has moved for an in limine ruling that one portion of the statements made by Vasquez-Familia during his proffer interview be deemed admissible at trial, but another portion of those statements be excluded on hearsay and Confrontation Clause grounds.

The first portion of the document—the second, third, fourth, and fifth paragraphs of the document—recounts statements made by

Vasquez-Familia relating to his May 23, 2025, drug-related arrest in California, including statements regarding his relationship and history with a second individual with whom he was arrested at that time, Reuben Padilla Chavez. Counts 1 and 13 of the superseding indictment charge Curtis with criminal liability arising out of the May 23, 2025, incident and a quantity of illegal drugs seized at that time. But Curtis is not mentioned in the statements made by Vasquez-Familia in this portion of the interview notes. Thus, Curtis seeks to introduce these out-of-court statements by Vasquez-Familia as exculpatory evidence, and he has moved for an in limine ruling as to the admissibility of this evidence, whether as a documentary exhibit or by way of eliciting testimony from one of the investigators present for Vasquez-Familia's proffer interview.

The government, however, contends that, if Curtis seeks to admit these out-of-court statements by Vasquez-Familia, it should be permitted to introduce additional statements made by Vasquez-Familia in the course of that same proffer interview, pursuant to the "rule of completeness" codified in Rule 106 of the Federal Rules of Evidence. The second portion of the document—the sixth, seventh, eighth, and ninth paragraphs—recounts statements made by Vasquez-Familia regarding

his relationship and history with defendant Curtis, including specific information concerning the type, quantity, and frequency of illegal drugs Vasquez-Familia allegedly supplied to Curtis and his alleged coconspirators over a course of years.

We first consider the admissibility of these out-of-court statements as offered by defendant Curtis. To begin, the Federal Rules of Evidence provide that hearsay is not admissible unless otherwise provided by statute or rule. *See* Fed. R. Evid. 802. As defined in the rules, "hearsay" is an out-of-court statement by a declarant offered by a party to prove the truth of the matter asserted in the statement. *See* Fed. R. Evid. 801(c).

Curtis views the first portion of the statements made by Vasquez-Familia during his proffer interview as exculpatory evidence, tending to demonstrate Curtis's non-involvement in the drug-trafficking activities giving rise to the May 23, 2025, arrest of Vasquez-Familia and Chavez. Thus, he seeks to present these statements by Vasquez-Familia—whether by testimony or by documentary exhibit[1]—for the truth of the matter asserted.

---

[1] In conference, defense counsel has expressed an intention to present these statements through the cross-examination of Task Force Officer Thomas Kaluzny.

The federal rules further provide for a number of "exceptions" to the hearsay rule when a declarant is unavailable to testify as a witness. *See* Fed. R. Evid. 804. One of the enumerated exceptions provides that a "statement against interest" is not excluded by the hearsay rule in a criminal case, as follows:

> A statement (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it . . . had so great a tendency . . . to expose the declarant to . . . criminal liability; and (b) . . . is supported by corroborating circumstances that clearly indicate its trustworthiness after considering the totality of the circumstances under which it was made and any evidence that supports or undermines it.

Fed. R. Evid. 804(b)(3). *See generally United States v. Ditizio*, 530 F. Supp. 175, 177–78 (E.D. Pa. 1982). Under the circumstances presented, it is clear to the court that the statements at issue fall within the scope of this hearsay exception, and thus constitute admissible evidence.

As noted above, however, the government seeks to invoke the rule of completeness and admit the second portion of the statements made by Vasquez-Familia during his proffer interview. Unlike the first portion offered by Curtis, this second portion is clearly inculpatory, tending to demonstrate Curtis's involvement in substantial drug trafficking activity

in connection with the charged conspiracy to distribute and possess with intent to distribute various controlled substances.

The rule of completeness is codified in Rule 106 of the Federal Rules of Evidence, which provides:

> If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.

Fed. R. Evid. 106. "The rule prevents a party from presenting an incomplete or misleading fragment of a statement that distorts its meaning." *United States v. Robinson*, No. 25-22-1, 2025 WL 3188395, at *3 (E.D. Pa. Nov. 14, 2025). "The guiding principle is fairness: the adverse party is entitled to enough of the statement to allow the factfinder to understand what was actually said." *Id.*

Here, the first portion of the statement is offered as evidence of Curtis's lack of direct involvement in specific conduct undertaken by Vasquez-Familia in furtherance of an alleged drug trafficking conspiracy. Without the second portion, the statements offered by Curtis may mislead the jury to infer that Vasquez-Familia said *nothing at all* to implicate Curtis in the charged criminal drug trafficking conspiracy, and

his proffer interview was entirely exculpatory. But viewing Vasquez-Familia's statement in the fuller context of the entire document, the second portion of the statements he made to investigators tend to contradict those exculpatory statements selected by Curtis, clearly implicating Curtis more broadly in the very same drug trafficking conspiracy. Thus, we find that the admission of this second portion is justified under Rule 106 because this second portion offered by the government would explain and give proper context to the first portion offered by Curtis, and it would avoid misleading the jury and ensuring a fair and impartial understanding of the evidence.

Because this second portion is offered by the government, however, exclusion of this portion nevertheless may be required under the Sixth Amendment's Confrontation Clause. As explained by the Supreme Court:

> The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." . . . In *Crawford v. Washington*, we held that this provision bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." A critical portion of this holding, . . . is the phrase "testimonial statements." Only statements of this sort cause the declarant to be a "witness" within the meaning of the Confrontation Clause. It is the

> testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause.

*Davis v. Washington*, 547 U.S. 813, 821 (2006) (citations omitted) (first quoting U.S. Const. amend. VI (ellipsis in original); and then quoting *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004)). "[A] statement cannot fall within the Confrontation Clause unless its primary purpose was testimonial. 'Where no such primary purpose exists, the admissibility of a statement is the concern of state and federal rules of evidence, not the Confrontation Clause.'" *Ohio v. Clark*, 576 U.S. 237, 245 (2015) (quoting *Michigan v. Bryant*, 562 U.S. 344, 359 (2011)). For example,

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis*, 547 U.S. at 822 (footnote omitted).

Statements by a declarant during the course of a proffer interview or a proffer letter are classic examples of testimonial statements subject

to the limitations of the Confrontation Clause. *See, e.g.*, *United States v. Hardwick*, 544 F.3d 565, 573 (3d Cir. 2008) (holding that, although ultimately harmless error, admission at a joint trial of one defendant's redacted proffer statements violated the Confrontation Clause rights of his codefendants); *United States v. Weiner*, No. 06-0614, 2009 WL 1953182, at *9 (E.D. Pa. July 2, 2009) (finding investigators' written interview notes of what the declarant said at a proffer session were testimonial); *see also United States v. Saneaux*, 392 F. Supp. 2d 506, 513 n.10 (S.D.N.Y. 2005) ("It appears then beyond dispute that proffer statements—like statements made during plea allocations and in response to law enforcement interrogations—fall squarely within the class of testimonial statements, the admission of which is limited by the holding in *Crawford*."). Thus, we find that the second portion of the statements made by Vasquez-Familia to investigators during his proffer interview, which are offered by the government pursuant to Rule 106 and the rule of completeness, constitute testimonial statements subject to the limitations imposed by the Sixth Amendment's Confrontation Clause.

But our analysis does not end there. The facts presented in this case were presaged in a concurring opinion by Justice Alito in *Hemphill v. New*

*York*, 595 U.S. 140 (2022). In *Hemphill*, a state court had admitted certain testimonial hearsay by an unavailable witness on based on a state rule that a criminal defendant could "open the door" to evidence that would otherwise be inadmissible under the Confrontation Clause if the evidence was reasonably necessary to correct a misleading impression made by the defense's evidence or argument. *See id.* at 145–46. The Supreme Court rejected the principle "that defendants can 'open the door' to violations of constitutional requirements merely by making evidence relevant to contradict their defense." *Id.* at 154. The Court held that the Confrontation Clause "admits no exception for cases in which the trial judge believes unconfronted testimonial hearsay might be reasonably necessary to correct a misleading impression." *Id.* But in deciding that case, the *Hemphill* majority expressly acknowledged that the rule of completeness articulated in Rule 106 did not apply to that case. *See id.* at 155–56 ("Whether and under what circumstances that rule might allow the admission of testimonial hearsay against a criminal defendant presents different issues that are not before this Court.").

In his concurring opinion, joined by Justice Kavanaugh, Justice Alito wrote separately to provide guidance on that scenario and "the

conditions under which a defendant can be deemed to have validly waived the right to confront adverse witnesses." *Hemphill*, 595 U.S. at 156 (Alito, J., concurring). While Justice Alito's concurrence is not binding authority, we find its logic highly persuasive. *See Frasier v. Evans*, 992 F.3d 1003, 1017 (10th Cir. 2021) ("[A] concurring opinion is not binding on us—even one from a Supreme Court Justice—and, therefore, such an opinion is relevant only insofar as its analysis is persuasive.") (internal quotation marks omitted); *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 178 (5th Cir. 2013) ("The reasoning of a Supreme Court opinion that does not command a majority vote is not binding precedent.").

As Justice Alito noted, "a defendant can impliedly waive the Sixth Amendment right to confront adverse witnesses through conduct," and such an implied waiver can occur "when a defendant engages in a course of conduct that is incompatible with a demand to confront adverse witnesses." *Hemphill*, 595 U.S. at 157 (Alito, J., concurring). One such circumstance is a scenario involving the rule of completeness, in which "a defendant's introduction of evidence may be regarded as an implicit waiver of the right to object to the prosecution's use of evidence that might otherwise be barred by the Confrontation Clause." *Id.* at 158.

> The rule of completeness fits comfortably within the concept of implied waiver. By introducing part or all of a statement made by an unavailable declarant, a defendant has made a knowing and voluntary decision to permit that declarant to appear as an unconfronted witness. As a result, the defendant cannot consistently maintain that the remainder of the declarant's statement or the declarant's other statements on the same subject should not be admitted due to the impossibility of cross-examining that declarant. The defendant's decision to present the statement of an unavailable declarant is inconsistent with the simultaneous assertion of the Sixth Amendment right to subject that declarant to cross-examination.

*Id.* Thus,

> [w]hen a defendant introduces the statement of an unavailable declarant on a given subject, he commits himself to the trier of fact's examination of what the declarant has to say on that subject. The remainder of the declarant's statement or statements—and any other statements by the same declarant on the same subject—are fair game. The defendant cannot reasonably claim otherwise, given his tactical choice to put the declarant's statements on the relevant subject in contention despite his unavailability for cross-examination. . . . Having made the choice to introduce the statements of an unavailable declarant, a defendant cannot be heard to complain that he cannot cross-examine that declarant with respect to the remainder of that statement or the declarant's related statements on the same subject.

*Id.* at 159.

Here, should Curtis press forward with his plan to offer the first

portion of the statements made by Vasquez-Familia during his proffer interview, we find that, in doing so, Curtis will have made a knowing and voluntary decision to permit Vasquez-Familia to appear as an unconfronted witness, and any objection to admission of the second portion of those statements under the rule of completeness due to the impossibility of cross-examining Vasquez-Familia shall be deemed waived by the defendant's inconsistent conduct. Thus, we will conditionally grant in part and deny in part Curtis's motion in limine with respect to the admissibility of certain statements made by Vasquez-Familia during his proffer interview and the exclusion of certain other statements made by Vasquez-Familia during the same interview: Curtis may introduce evidence or testimony regarding the statements made by Vasquez-Familia during his proffer interview as set forth in the second, third, fourth, and fifth paragraphs of the investigators' interview notes, subject to the condition that, if he should do so, the government may likewise introduce evidence or testimony regarding the statements made by Vasquez-Familia during his proffer interview as set forth in the sixth, seventh, eighth, and ninth paragraphs of that same document, pursuant to Rule 106 of the Federal Rules of Evidence.

Finally, we turn to a related issue implicated by Curtis's motion. The statements made by Vasquez-Familia during his proffer interview include several references to codefendant Reneard Harris as well. Harris has objected to admission of these statements by Vasquez-Familia on hearsay and Confrontation Clause grounds. With respect to Harris, these objections are well taken. We find the appropriate remedy to be a limiting instruction to the jury,[2] together with further redaction of the investigators' interview notes to exclude any references to Harris by name or describing his relationship to Curtis or his place of residence.[3] Any witness should also be instructed, out of the presence of the jury, to omit any reference to Harris in his testimony. *See, e.g.*, *Richardson v. Marsh*, 481 U.S. 200, 211 (1987) ("[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence."); *Hardwick*, 544 F.3d at 572–73 (noting that redactions must

---

[2] *See, e.g.*, Mod. Crim. Jury Instr. 3d Cir. 2.12 (2024).

[3] Harris is named four times in the seventh and eighth paragraphs. The seventh paragraph also describes Harris as "his father" in relation to Curtis, and the eighth paragraph reports that he "resides around the corner on Solomon Street (40)." All this information should be redacted.

be "so thorough that the statement must be linked to other evidence before it can incriminate the co-defendant"); *Priester v. Vaughn*, 382 F.3d 394, 400–01 (3d Cir. 2004) (finding redactions leaving no nicknames, descriptions, or phrases to directly implicate the objecting defendant were sufficient in a multi-defendant case).

Accordingly, Curtis's oral motion in limine will be conditionally granted in part and denied in part. The motion will be granted regarding admissibility of the statements made by Vasquez-Familia during his proffer interview as set forth in the second, third, fourth, and fifth paragraphs of the investigators' interview notes, subject to the condition that, if he should introduce such evidence or testimony, the government may likewise introduce evidence or testimony regarding the statements made by Vasquez-Familia during his proffer interview as set forth in the sixth, seventh, eighth, and ninth paragraphs of that same document, pursuant to Rule 106 of the Federal Rules of Evidence. The motion will be denied with respect to his request to exclude the statements made by Vasquez-Familia during his proffer interview as set forth in the sixth, seventh, eighth, and ninth paragraphs of that same document. In addition, the document will be further redacted and any witness

testifying about the statements made by Vasquez-Familia in his proffer interview will be instructed as described in the preceding paragraph, and the jury shall be given a limiting instruction with respect to any such evidence actually presented.

An appropriate order follows.

Dated: September 2, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge