**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>JERROD CURTIS, et al.,<br>Defendants. | CASE NO. 3:25-cr-00157<br>(SAPORITO, J.) |

**ORDER**

AND NOW, this 2nd day of September, 2026, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1. Defendant Curtis's oral motion for an in limine ruling that one portion of the statements made by Francis Vasquez-Familia during a proffer interview be deemed admissible at trial, but another portion of those statements be excluded on hearsay and Confrontation Clause grounds is **CONDITIONALLY GRANTED in part and DENIED in part**;

2. The motion in limine is **CONDITIONALLY GRANTED** insofar as the statements made by Vasquez-Familia during his proffer interview as set forth in the second, third, fourth, and fifth paragraphs of the joint task force investigators' interview notes are deemed admissible, subject to the condition that, if he should introduce such evidence or testimony, the government may likewise introduce evidence or testimony

regarding the statements made by Vasquez-Familia during his proffer interview as set forth in the sixth, seventh, eighth, and ninth paragraphs of that same document, pursuant to Fed. R. Evid. 106, and subject to the limitations set forth below;

3. The motion in limine is **DENIED** to the extent the movant seeks to exclude the statements made by Vasquez-Familia during his proffer interview as set forth in the sixth, seventh, eighth, and ninth paragraphs of that same document;

4. Defendant Harris's objections to the admission of these statements by Vasquez-Familia on hearsay and Confrontation Clause grounds are **SUSTAINED**;

5. Prior to the use of these statements at trial, the interview notes shall be further redacted to exclude any references to Harris by name or describing his relationship to Curtis or his place of residence,

6. Prior to the use of these statements at trial, any witness presenting testimony on such statements shall be instructed, out of the presence of the jury, to omit any reference to Harris in his testimony; and

7. Prior to the use of these statements at trial, the jury shall be given an appropriate limiting instruction as determined by the court

following consultation with the parties and counsel.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge